*Mason & Whedon* and *E. S. Knight,* for the motion.

*O. H. Scott, J. D. Gilman,* and *A. R. Scott, contra.*

## SAME v. SAME.

1. **Pleading:** PETITION. A petition which states that the plaintiff is the owner of certain real estate by tax deeds, and that the defendants hold a prior judgment, which was a lien upon the land before the sale and conveyance, and seeking to enjoin the sale under an execution issued on such judgment, does not state a cause of action.

2. ———: ———: INJUNCTION. In such case the defendants have a right to complete the sale and contest the validity of the tax deeds in an action at law, and a court of equity will not enjoin a sale under the execution unless some equitable ground exists for its interference.

ERROR to the district court for Thayer county. Tried below before WEAVER, J.

*O. H. Scott, J. D. Gilman,* and *A. R. Scott,* for plaintiffs in error.

*Mason & Whedon* and *E. S. Knight* for defendant in error.

MAXWELL, J.

This is an action to enjoin the sale upon execution of certain real estate. A decree was rendered in the court below in favor of the defendant, to review which the plaintiffs bring the cause into this court by petition in error.

It is alleged in the petition, in substance, that on the thirtieth day of August, 1879, one George McCracken became the owner of the lands in controversy by a tax deed from the treasurer of Thayer county, and that afterwards McCracken conveyed to one Crothers, who conveyed to Coon; also that one Weatherald on the seventh day of May, 1879, obtained a tax deed for the lands in question and afterwards conveyed to Coon. That Rickards and Merrill recovered a judgment against one Wilson in the district court of Richardson county for the sum of $220 and $20.98 costs of suit, and on the tenth day of August, 1876, a transcript of the same was filed in the clerk's office of the district court of Thayer county, and in October, 1879, an execution was issued thereon and levied upon the land in question. The prayer is to enjoin the sale under the execution and for a decree divesting the lien of the judgment,

The answer of Rickards and Merrill denies that plaintiff is the owner of the lands in dispute by virtue of the tax deeds set forth in the petition, but alleges that he purchased said land from Wilson, the judgment debtor, who was the owner of the fee, the deed of conveyance being dated July 17th, 1879. Various facts are also stated showing the invalidity of the tax deeds.

To this answer Coon filed a general demurrer. No action seems to have been had thereon.

A motion was also made to dissolve the injunction.

None of the testimony is preserved, and the question presented is, can the judgment be sustained upon the petition and answer? We think not. The petition itself shows that the judgment was a valid lien upon this land at the time Coon acquired the tax deed. This being so, by what authority will a court enjoin a sale under an execution issued upon the judgment? It is said that the tax deeds divest the title of the land owner and that the purchaser takes the title entirely free from all prior claims. This is true in a case of a valid sale and conveyance for taxes. But this will not prevent a person having a prior claim upon the lands sold from perfecting his title and contesting the validity of the tax deeds in an action at law. And a court of equity will not interfere unless the case is brought under some head of equity jurisprudence and a case is made entitling the plaintiff to the relief sought. The statute, while authorizing one in possession to bring an action to quiet title, does not deprive a party of his property or rights, and is merely for the purpose of determining conflicting interests. As the petition fails to state facts sufficient to entitle the plaintiff to the relief sought, the judgment of the district court is reversed and the action dismissed.

JUDGMENT ACCORDINGLY.